UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALINA VITALI,

    Plaintiff,

v.                                          Case No: 8:19-cv-2593-T-36JSS

RITA KRUSE, TALI ARVIV,
SUNNY MOROZ, ARVIV
MEDICAL AESTHETICS, PLLC,
MIDTOWN MIAMI MEDSPA,
PLLC and ELECTROLYSIS
INSTITUTE OF TAMPA, INC.,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon Defendants' Motion for Specific Finding of Compliance with Rule 11 Pursuant to the Private Securities Litigation Reform Act [Doc. 28]. In the motion, Defendants contend that Plaintiff's complaints violated Rule 11 of the Federal Rules of Civil Procedure, and that the Court should find they are entitled to an award of attorneys' fees and costs. The Court, having considered the motion and being fully advised in the premises, will deny Defendants' Motion for Specific Finding of Compliance with Rule 11 Pursuant to the Private Securities Litigation Reform Act.

    **I.    BACKGROUND**

This lawsuit arises from a failed business transaction between Plaintiff and Defendant Rita Kruse. [Doc. 14 ¶¶ 20-24]. Kruse allegedly solicited Plaintiff to make

a monetary investment in return for an ownership interest in a beauty school that would be formed and managed by Plaintiff. *Id.* ¶¶ 20-23. Plaintiff asserted various causes of action against Defendants jointly or separately, including one claim of federal securities law violation against Kruse. In Count VIII, Plaintiff alleged that Kruse engaged in fraud in connection with the purchase and sale of securities—the Company's membership interest—in violation of § 10(b) of the Exchange Act and Rule 10b–5. *Id.* at pp. 14-16. Upon motion, the Court determined that Plaintiff failed to state a claim for federal securities fraud and dismissed that claim. [Doc. 27 at pp. 8-12]. The Court specifically found that Plaintiff's joint venture arrangement with Kruse did not constitute an "investment contract" and therefore was not a security for purposes of securities act liability. *Id.* Plaintiff now seeks a determination, pursuant to the Private Securities Litigation Reform Act, that Plaintiff violated Rule 11 of the Federal Rules of Civil Procedure because there was no reasonable factual basis to assert a federal securities law violation; the legal theory had no reasonable chance of success; and, the claim was intended to harass Kruse and her family. [Doc. 28 ¶ 8]. Despite being directed to do so, Plaintiff did not file a response.

## II.   DISCUSSION

The Private Securities Litigation Reform Act provides that:

> In any private action arising under this chapter, upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

15 U.S.C.A. § 78u-4(c)(1). The Act also creates "a presumption that the proper sanction for a Rule 11(b) violation is an award, to the opposing party, of the reasonable attorney's fees and costs incurred as a direct result of the violation." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1194 (11th Cir. 2002).

Pursuant to Rule 11(b)

> [W]hen an attorney files a pleading, written motion, or other paper, he certifies that "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; "the claims … are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" and there is "evidentiary support" for the factual contentions.

*Silva v. Pro Transp., Inc.*, 898 F.3d 1335, 1340 (11th Cir. 2018) (quoting Fed. R. Civ. P. 11(b)(1)-(3)). Rule 11 "incorporates an objective standard." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). The "standard for testing conduct under Rule 11 is 'reasonableness under the circumstances' and 'what was reasonable to believe at the time' the pleading was submitted." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998); *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) ("[T]he court is expected to avoid using the wisdom of hindsight."). "[T]he purpose of Rule 11 is to deter frivolous lawsuits." *Id.*; *Diaz v. First Marblehead Corp.*, 643 F. App'x 916, 921 (11th Cir. 2016) ("The goal of Rule 11 sanctions is to 'reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers.' ") (quoting *Massengale v. Ray,* 267 F.3d 1298, 1302 (11th Cir.2001)). Sanctions are therefore

3

warranted where counsel acts in contravention of the rule. *Silva*, 898 F.3d at 1341. Defendants argue this is the case here. [Doc. 28 ¶ 8]. The Court finds otherwise.

The Court dismissed the 10b–5 claim on the basis that Plaintiff had not pleaded sufficient facts to establish that the arrangement with Kruse qualified as an investment contract, which is a security under the Securities Act of 1933, 15 U.S.C. § 77b(a)(1), and the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). [Doc. 27 at p. 10]. While the Court explained in its reasoning that Plaintiff did not sufficiently allege that she had an expectation that profits would be derived solely from the efforts of Kruse— which is a factor in deciding whether something qualifies as an investment contract, Plaintiff did allege some facts that could have supported a contrary finding.[1] *Id.* Additionally, there was no issue as to the existence of the first element of a securities fraud claim, that Plaintiff had invested money, and the second element of a common enterprise. *Id.* at p. 9. The securities fraud claim was not completely devoid of a factual basis. Based on the Court's review, this factual basis was just not sufficient when considered together with other facts incorporated through documents provided with the complaint. Therefore, the Court finds that neither Plaintiff nor counsel violated

---

[1] For example, Plaintiff alleged that she "lacked the unique experience and skills that Kruse possessed for operating a beauty school;" "relied upon Kruse's representation that she would manage the day-to-day operations of the [C]ompany;" "would not have invested in the [C]ompany but for Kruse's representations regarding her expertise and skills in running a beauty school;" "was dependent on Kruse to perform significant managerial functions and exercise judgment in managing the Company;" and that her contributions were primarily in the form of capital contribution. [Doc. 14 ¶¶ 32-38].

Rule 11(b), as the amended complaint did not lack a reasonable factual basis to support the claim.

Moreover, while the likely success of the legal theory presented by Plaintiff was slim, the Court does not find it was frivolous. Again, Plaintiff satisfied two of the three elements for finding that her agreement with Kruse was an investment contract and there was some evidence to support the third element—that there was an expectation of profits to be derived solely from the efforts of others. As the Court noted in its discussion of the third element, the Eleventh Circuit has instructed that the word 'soley' should not be interpreted in the most literal sense and the test is satisfied if the efforts made by those other than the investor are the ones that affect the failure or success of the enterprise. *Bamert v. Pulte Home Corp.*, 445 F. App'x 256, 262–63 (11th Cir. 2011). Hence, a reasonable attorney apprised of Kruse's alleged representations and the arrangement—that Kruse would manage the day to day affairs of the beauty school in line with her unique skills and experience—could believe the Plaintiff was dependent on Kruse's efforts for the success of their venture, such that the claim was factually and legally justified at the time the action was filed. *See Kaplan,* 331 F.3d at 1255.

Additionally, the Court has no basis on which to find that the securities fraud claim was intended to harass Kruse and her family, for what the Court recognizes as a business deal gone bad, not for any improper purpose. Based on the Court's review of the allegations in the complaint, and arguments in the motion to dismiss and

response, there was a good faith basis for this claim. As such, the Court finds that neither Plaintiff nor counsel violated Rule 11(b).

Likewise, Defendants and their counsel also comported with Rule 11 in moving to dismiss the securities fraud claim.[2] The Court agreed with Defendants and dismissed the securities fraud claim.

Accordingly, it is hereby **ORDERED**:

1. Defendants' Motion for Specific Finding of Compliance with Rule 11 Pursuant to the Private Securities Litigation Reform Act [Doc. 28] is DENIED.

2. All parties and their counsel in this case have comported with the dictates of Rule 11 of the Federal Rules of Civil Procedure in litigating the securities fraud claim asserted by Plaintiff.

3. Defendants are not entitled to attorneys' fees and costs as a sanction pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u–4(c)(3).

**DONE AND ORDERED** in Tampa, Florida on January 12, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:

---

[2] Again, the Court shall "include in the record specific findings regarding **compliance by each party and each attorney representing any party with each requirement of Rule 11(b)** of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C § 78u-4 (c)(1) (emphasis added).

Counsel of Record and Unrepresented Parties, if any